**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STEPHEN GENOFF,

       Plaintiff,

vs.                                                     Case No. 11-13842
                                                     Hon. Marianne O. Battani

UNITED OF OMAHA LIFE
INSURANCE COMPANY, a
Foreign insurance company,

       Defendant.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
JUDGMENT ON THE ADMINISTRATIVE RECORD AND DENYING
DEFENDANT'S MOTION TO AFFIRM THE ADMINISTRATOR'S DECISION**

**I.    INTRODUCTION**

      Before the Court is Plaintiff Stephen Genoff's Motion or Judgment on the Administrative Record (Doc. No. 11) and Defendant United of Omaha Life Insurance Company's Cross Motion to Affirm the Administrator's Decision. (Doc. No. 12).  Plaintiff, an Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 plan participant, brought this action challenging Defendant plan administrator's denial of long-term disability ("LTD") benefits.  The Court has reviewed the filings and the administrative record in its entirety, and finds oral argument would not aid in the resolution of this motion.  See E.D. Mich. LR 7.1(f)(2).  For the reasons that follow, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**.

## II.     STATEMENT OF FACTS

Defendant United of Omaha Insurance Company ("United") issued a group long term disability policy (the "Policy") to Whitesell International Corporation ("Whitesell") effective June 1, 2007.  The Policy covered specified employees of Whitesell, subject to the terms, conditions, and limitations of the policy.  Genoff began working for Whitesell as a tool design engineer on April 5, 2010.  He became covered under the company's plan on June 1, 2010.  A few weeks later, on July 21, 2010, Plaintiff suffered a stroke.  Thereafter, he applied for and received short-term disability ("STD") benefits through October 19, 2010.

Because he still was disabled at that time, Genoff applied for LTD benefits under United's LTD Policy.  By letter dated February 18, 2011, United denied Plaintiff's claim based on its determination that Plaintiff's condition was a preexisting condition that was excluded under the Policy.  The Policy defines a preexisting condition as "any Injury or Sickness for which You received medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken in the three months prior to the day You became insured under this policy" (Administrative Record ("AR") 33).

On July 14, 2011, Plaintiff appealed United's decision to deny his LTD claim.  As part of Plaintiff's administrative review, United directed its records to its Nurse Case Manager, who noted the following:

> Per the attorney, the CH was not told, nor did they suspect that CH had a stroke during the period of time in question [March 1, 2010 through June 1, 2010] and in fact, the CH was thought to have an Eustachian Tube Dysfunction.  ***This reviewer cannot refute that the records are clear that the Dr. was not suspecting stroke***

> ***although, he did order a Carotid Doppler study which failed to reveal any carotid artery stenosis.***

(AR 827) (emphasis added).

Despite the finding of its Nurse Case Manager, however, on August 18, 2011, United upheld its denial decision.

> During the three months prior to June 1, 2010, Mr. Genoff was seen and/or treated for poorly controlled diabetes, hypertension, high cholesterol, symptoms of light headedness, dizziness, and ear pressure/pounding, and he was advised regarding smoking risks.
>
> * * *
>
> In your appeal letter, you disputed that Mr. Genoff's claimed disability was pre-existing because he did not receive any stroke or stroke-related treatment.  We acknowledge that Mr. Genoff was not assessed with a cerebral infarction until July 2010.  You further stated that Mr. Genoff continued to be disabled.  We do not dispute that Mr. Genoff would be precluded from performing his regular occupation as a result of his cerebral infarct.  However, while we acknowledge that a clinical diagnosis of a cerebral infarct was not made during the three months prior to June 1, 2010, the medical evidence in file supports that he did receive advice, consultation, and treatment, including prescribed medication for his symptoms of dizziness, light headedness and ear pounding/pressure, and his hypertension, high cholesterol, and diabetes during the time frame of March 1, 2010 to June 1, 2010.  Mr. Genoff reported that he had an incident in May 2010 at work in which he was dizzy, had lost his balance and had fallen.  He indicated that his coworkers had to help him, and they advised that his speech was garbled.  Because of this incident, he presented to Dr. Ainhorn who recommended a carotid Doppler Study.  While the carotid studies did not show any carotid artery stenosis, he was later found to have severe stenosis in his vertebral arteries, as indicated by the July 2010 hospital records.  During the hospital evaluation in July 2010, he further reported he had the same symptoms six weeks prior, for which he was seen following his work incident.  While his disabling condition was not diagnosed until July 2010, records support that the symptoms for which he presented to Dr. Ainhorn in May 2010, including dizziness, ear pressure, tilting sensation, and fall that he had at work were directly related to the July 2010 cerebral infarction, and he did receive consultation, advice and treatment for these symptoms within the three months prior to June 1, 2010.

> In summary, the medical documentation in file supports Mr. Genoff's claimed disability was due to a pre-existing condition and is an exclusion under the policy. As a result, we are unable to overturn our previous decision.

(AR 116-120).

Plaintiff subsequently filed suit. He asks that benefits be paid retroactive to October 20, 2010, the date they were wrongfully denied.

### III. STANDARD OF REVIEW

The Sixth Circuit has held that resolving ERISA actions challenging a denial of benefits on motions for summary judgment is improper. Wilkens v. Baptist Healthcare Sys., Inc., 150 F.3d 609 (6th Cir. 1998). In Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), the Supreme Court stated that "an administrator's decision to deny benefits is reviewed under a de novo standard unless the plan provides the administrator with 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" Hoover v. Provident Life and Acc. Ins. Co., 290 F.3d 801, 807 (6th Cir. 2002). Here, there is no dispute that the de novo standard of review applies.

### IV. ANALYSIS

United's decision to deny Plaintiff's claim for long term disability benefits can not be harmonized with the facts and language of the Policy. The Policy defines a preexisting condition is an "Injury or Sickness for which" the claimant "has received medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken in the three months prior to the day [he] become insured under the policy." (AR at 33, emphasis added). As noted by the Sixth Circuit in Mitzel v. Anthem Life Ins. Co., 351 F. App'x 74, 82 (6th Cir. Nov. 4, 2009),

"The word "for" connotes intent."  The court then concluded that it was "hard to see how a doctor can provide treatment "for" a condition without knowing what that condition is or that it even exists.  Id.  Similarly, here, nothing in the administrative record suggests that Plaintiff received stroke or stroke-related medical treatment, advice or consultation, care or services including diagnostic measures, or had drugs or medicines prescribed or taken during the three month look-back period for treatment of a stroke.  To the contrary, Dr Ainhorn's treatment records demonstrate that between March 1, 2010, and June 1, 2010, there was no evidence that Genoff had suffered a stroke, was suffering a stroke, or was in imminent danger of suffering a stroke.

During the requisite three (3) month look-back period (March 1, 2010 through June 1, 2010), Dr. Ainhorn's records show that Plaintiff suffered from hypertension, diabetes mellitus, and hyperlipidemia.  (AR 134, 149-50, 167).  On May 12, 2010, Genoff presented to Dr. Ainhorn, complaining he was lightheaded and unstaeady, and had pounding in his ear and ear pressure.  (AR 149).  The following day, Dr. Ainhorn performed a Carotid Duplex which revealed the following findings:  right side demonstrated mild 1-39% stenosis of the internal carotid artery and bifurcation; left side demonstrates mild 1-39% stenosis of the internal carotid artery; and vertebral arteries demonstrate antegrade flow.  (AR 156).  Dr. Ainhorn diagnosed Genoff with Eustachina tubes dysfunction and prescribed Flonase.

On June 12, 2010, Plaintiff again saw Dr. Ainhorn.  Again, Genoff received no treatment for a stroke.  In July, Genoff was diagnosed with mastoiditis.  (AR 244).  It was not until July 21, 2010, that Genoff suffered a disabling stroke.  (AR 135).

In denying Plaintiff's claim for long term disability, Defendant asserts that Plaintiff's medical records indicate that he had a transient ischemic attack ("TIA") on May 12, 2010, during the look back period. Defendant supports its position with the fact that following Plaintiff's May 12, 2010 episode, Dr. Ainhorn performed a carotid duplex ultrasound – a test used when a stroke is indicated. According to Defendant, the symptoms relating to Plaintiff's May 12, 2010, episode substantially overlap with the symptoms relating to his July 21, 2010, episode and are consistent with a TIA and not attributable to any other reasonable explanation. In addition, United observes that artherosclerosis is a progressive disease and preexisted the July 21, 2010 stroke.

As legal support for its denial of benefits, Defendant relies on LoCoco v. Medical Savings Ins. Co., 530 F.3d 442 (6th Cir. 2008). In that case, the appellate court upheld the denial of coverage under a life insurance policy because the plaintiff's lung cancer was a preexisting condition and therefore was not covered. The plaintiff, a smoker, was admitted to a local emergency room during the policy's exclusionary period complaining of a cough and shortness of breath. Id. at 444. Tests showed the existence of a mass in his lung, and additional testing included a procedure performed when there are "very strong indications" of disease. Id. Finally, the plaintiff was referred to a pulmonologist for treatment." Id. As a result, the insurance company denied the plaintiff's claim pursuant to its preexisting condition provision.

The facts of LoCoco are distinguishable. Not only was the plaintiff at high risk of developing lung cancer, he had experienced symptoms indicative of lung cancer, had sought medical treatment specifically for these symptoms, and had undergone a

diagnostic procedure that had indicated the possible presence of lung cancer, all before the effective date of coverage.  LoCoco, 530 F.3d at 447-48.

Here, there is absolutely nothing in the administrative record that indicates Dr. Ainhorn treated Genoff for a stroke.  As the Sixth Circuit observed in LoCoco, "treatment cannot be given 'for' a specific condition unless the nature of the condition is known." Id. at 447.

Here, Plaintiff was never treated for a stroke before his effective date of coverage.  To the contrary, the symptoms for which Genoff sought treatment were determined to be caused by an ear infection.  Thus, United's denial of Genoff's claim simply because he presented symptoms that could be associated with a later-diagnosed disease and consulted with a doctor during the look-back period in connection with those symptoms cannot stand.  Plaintiff's treating physician did not diagnose or treat the specific disability that resulted in Plaintiff's long-term disability.

## V.    CONCLUSION

**Accordingly, IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Administrative Record is **GRANTED**.  It is **FURTHER ORDERED** that Defendant's Motion to Affirm the Administrator's Decision is **DENIED**.

**IT IS SO ORDERED**.

> s/Marianne O. Battani
> MARIANNE O. BATTANI
> UNITED STATES DISTRICT JUDGE

DATED: August 31, 2012

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

<u>s/Bernadette M. Thebolt</u>
Case Manager